# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OPOKU,<br><br>    Petitioner,<br><br>    v.<br><br>JEH CHARLES JOHNSON, et al.,<br><br>    Respondents. | Case No. 1:15-cv-01577-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 3) |

    Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges his indefinite detention in U.S. Immigration and Customs Enforcement (ICE) custody. Petitioner is incarcerated at the Mesa Verde Community Correctional Facility in Bakersfield, California. Petitioner has filed a motion for appointment of counsel. (ECF No. 3).

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

1 See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

2      Petitioner argues that counsel should be appointed because of the complexity of the
3 issues involved in the case and his inability to adequately present the issues.  Petitioner also
4 argues that he will be unable to adequately investigate the factual issues raised in the petition.
5 Petitioner does not demonstrate a likelihood of success on the merits at this time such that his
6 case should be classified as an "exceptional circumstance."  See Weygandt, 718 F.2d at 954.
7 Petitioner has not made a request for discovery yet, and at this time, the Court does not find that
8 counsel is necessary for discovery.  Also, the Court notes that Respondent has not yet submitted
9 a response to the petition and the Court has not yet ordered an evidentiary hearing or expressed
10 an opinion on whether an evidentiary hearing will be necessary in this case.  Therefore, the Court
11 does not find that the interests of justice require the appointment of counsel at the present time.

12      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of
13 counsel is DENIED.

15 IT IS SO ORDERED.

16 Dated:  **October 19, 2015**

                                            UNITED STATES MAGISTRATE JUDGE