# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OPOKU,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEH CHARLES JOHNSON, et al.,<br><br>　　　　Respondents. | Case No. 1:15-cv-01577-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On October 16, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1). Petitioner stated that he was detained at the Mesa Verde Detention Facility in Bakersfield, California. In the petition, Petitioner claims that he is being detained by U.S. Immigration and Customs Enforcement ("ICE") past the six-month presumptively reasonable period for removal and that his removal is not significantly likely to occur in the reasonably foreseeable future.

On October 19, 2015, the Court issued prisoner new case documents and served those documents on Petitioner. (ECF No. 4). On October 20, 2015, the Court denied Petitioner's motion to appoint counsel and served the order on Petitioner. (ECF No. 5). On October 27, 2015,

the order on the motion to appoint counsel was returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody." On November 2, 2015, the prisoner new case documents were returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody." On November 9, 2015, the Court issued an order directing Respondent to file a response to the petition and served that order on Petitioner. (ECF No. 8). That same day, Respondent filed a motion to dismiss the petition for mootness as Petitioner was released from immigration detention on an Order of Supervision on October 15, 2015. (ECF No. 10).

## II.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable and the notation that Petitioner is "not in custody." Therefore, the petition must be dismissed for failure to prosecute.[1]

---

[1] The Court notes that Respondent has moved to dismiss this action for mootness because Petitioner was released from immigration detention on an Order of Supervision issued by ICE on October 15, 2015. (ECF No. 10). The Ninth Circuit has recognized that release from immigration detention does not necessarily render a habeas petition

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to prosecute. Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the case.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14)** days after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2016**

UNITED STATES MAGISTRATE JUDGE

---

moot. The voluntary cessation exception to mootness may apply here because "absent action by this court . . . the government could redetain [Petitioner], and deny him a bond hearing, at any time." Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011); see also De Gomez v. Baker, 606 F. App'x 409, 409-10 (9th Cir. 2015). Unlike Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), upon which the motion to dismiss relies, Respondent has offered no assurance that Petitioner will not be redetained or denied a bond hearing before a neutral decision-maker should he be redetained. See Diouf, 634 F.3d at 1084 n.3.